**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-00780-PAB-KMT

JOSE SANCHEZ and
JOSHINNA CARRERAS,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER,
PERI BEAULIEU, a sergeant in the Denver Police Department, in her individual capacity,
DAN GILES, an officer in the Denver Police Department, in his individual capacity,
KEVIN UJCICH, an officer in the Denver Police Department, in his individual capacity,
JEFFERY HEINIS, an officer in the Denver Police Department, in his individual capacity,
ANDRE STRODE, an officer in the Denver Police Department, in his individual capacity, and
GLEN S. RIGGS, an officer in the Denver Police Department, in his individual capacity,

      Defendants.

**STIPULATED PROTECTIVE ORDER**

Each party and each Counsel of Record stipulate and move the Court for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, therefore, the Court orders as follows:

1.     The nature of the claims, defenses and damages asserted in this lawsuit involves discovery of documents and information containing Confidential Information (as defined in paragraph 4 below).

2.     The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective

Order.  The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein, and prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4. "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named, including, but not limited to, internal affairs investigation files, personnel, medical and employment records that pertain to any party or third-party, which are not made available to the public, and as to which a reasonable expectation of privacy or confidentiality exists.

5. Information designated as confidential must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

6. When Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced or on a cover sheet, as determined appropriate by the party producing

the document, but in any event, imprinting the word "Confidential" in a manner that does not obscure any of the contents of the page upon which it is imprinted.

    b. imprinting the word "Confidential" next to or above any response to a discovery request; and

    c. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

    a. It shall be used only for the purposes of this litigation and not for any other purpose;

    b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

(i) attorneys actively working on this case;

(ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

(iii) the parties and designated representatives of the City and County of Denver, Colorado;

   (iv) expert witnesses and consultants retained in connection with this litigation, to the extent such disclosure is necessary for the purposes of this litigation, who execute the attached Exhibit A;

   (v) the Court and its employees;

   (vi) stenographic reporters who are engaged in this litigation;

   (vii) deponents and witnesses who execute the attached Exhibit A;

  8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of confidential information and maintain a list of all persons to whom any Confidential Information is disclosed.

  9. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need.

  10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

  11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made there from pursuant to paragraph 10 above.

  12. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

13. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, any Confidential Information that has an appropriate basis for a sealing order shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2. Accordingly, if the non-designating party believes it is necessary to reference or submit as an exhibit Confidential Information in any proceeding or motion, **prior to disclosing any Confidential Information**, the non-designating party shall confer in good faith with the designating party regarding the non-designating party's intent to reference or submit as an exhibit such Confidential Information in order to provide the designating party the opportunity to either consent to the disclosure or to file a motion seeking to have the Confidential Information sealed. In the event that a motion to seal will be filed, the parties agree to work together to seek to extend any deadlines which may be necessary to enable a motion to seal to be filed prior to the filing of any Confidential Information with the Court. While the motion to seal is pending, the non-designating party agrees to not offer or reference or submit as

an exhibit any Confidential Information in any proceeding or motion until the Court rules on the motion to seal. Any documents submitted during the pendency of the motion to seal will only reference the motion to seal and shall not include or reference the specific Confidential Information which is the subject of the motion to seal.

14. The termination of this action shall not relieve counsel or any party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. Within thirty days following the complete conclusion of this matter, including any appeals, each Party's counsel shall return to the producing party all Confidential Information provided subject to this Protective Order or destroy all Confidential Information and notify opposing counsel that all Confidential Information has been destroyed.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

**DATED** this 17th day of August, 2011.

                                                **BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

# AFFIDAVIT

STATE OF COLORADO   )
                    ) ss
COUNTY OF           )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Jose Sanchez and Joshinna Carreras v. City and County of Denver and Peri Beaulieu, Dan Giles, Kevin Ujcich, Jeffrey Heinis, Andre Strode, and Glen S. Riggs, in their individual capacities,* United States District Court for the District of Colorado, Civil Action No. 11-cv-00780-PAB-KMT, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

    _____
    (Signature)

    _____
    (Print or Type Name)
    Address:

    _____
    _____
    Telephone No.: (\_\_\_\_\_) _____

*SUBSCRIBED AND SWORN* to before me this _____ day of _____, 20\_\_\_ by _____.

WITNESS my hand and official seal.

    _____
    Notary Public
[SEAL]    My commission expires:_____

9

**Exhibit A**